**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOTIVA ENTERPRISES LLC, | : |
| | : |
| Plaintiff, | : |
| | :    C.A. No. _____ |
| v. | : |
| | : |
| SWISS RE INTERNATIONAL S.E. f/k/a SR | : |
| INTERNATIONAL BUSINESS | : |
| INSURANCE COMPANY PLC; LIBERTY | : |
| MUTUAL INSURANCE COMPANY; | : |
| ZURICH AMERICAN INSURANCE | : |
| COMPANY; CHARTIS PROPERTY | : |
| CASUALTY COMPANY; ACE AMERICAN | : |
| INSURANCE COMPANY; STARR | : |
| TECHNICAL RISKS AGENCY, INC.; | : |
| GENERAL SECURITY INDEMNITY | : |
| COMPANY OF ARIZONA; ARCH | : |
| INSURANCE COMPANY; LANCASHIRE | : |
| INSURANCE COMPANY LIMITED; | : |
| CATLIN LLOYD'S SYNDICATE NO. 2003 | : |
| SJC; QBE MARINE & ENERGY | : |
| SYNDICATE 1036; NAVIGATORS | : |
| MANAGEMENT COMPANY INC. f/k/a | : |
| NAVIGATORS SPECIAL RISKS, INC. | : |
| | : |
| Defendants. | : |

**INSURERS' NOTICE OF REMOVAL**

Defendants Swiss Re International S.E. f/k/a SR International Business Insurance Company PLC ("Swiss Re International"), Liberty Mutual Insurance Company, Zurich American Insurance Company, Chartis Property Casualty Company, Ace American Insurance Company, Starr Technical Risks Agency, Inc., General Security Indemnity Company of Arizona, Arch Insurance Company, Lancashire Insurance Company Limited, Catlin Lloyd's Syndicate No. 2003 SJC, QBE Marine & Energy Syndicate 1036, and Navigators Management

Company, Inc. (collectively, the "Insurers") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and state as follows:

## THE REMOVED ACTION

1.      On November 13, 2012, Plaintiff Motiva Enterprises, LLC ("Plaintiff") filed a Verified Complaint in the Court of Chancery of the State of Delaware, which was assigned Civil Action No. 8026-VCN (the "Chancery Action").   Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Verified Complaint is attached hereto as "Exhibit A" (the "Verified Complaint").

2.      Through its Verified Complaint, Plaintiff seeks an injunction of an arbitration proceeding, declaratory relief that a certain insurance policy, as defined in the Verified Complaint (and which Plaintiff knows is already at issue in 1:12-cv-01097-LPS), prohibits the Insurers from arbitrating certain issues, and brings a claim for breach of contract against the Insurers for initiating arbitration proceedings in London, England.   Plaintiff purports to bring its Verified Complaint pursuant to the Delaware Uniform Arbitration Act, 10 *Del. C.* §  5702.

3.      The Insurers have not been formally served in this action, but have received a courtesy copy of Plaintiff's Verified Complaint on November 13, 2012.   This Removal, therefore, is being effected within 30 days of receipt of the Verified Complaint by the Insurers, as required by 28 U.S.C. § 1446(b).   The Insurers have not previously filed a Notice of Removal of this matter in this Court.

4.      Contemporaneously with the Verified Complaint, Plaintiff also moved for entry of a temporary restraining order to enjoin the arbitration.   No proceedings have yet occurred in the Chancery Action.

## THE RELATED ACTION

5.  On August 22, 2012, Plaintiff filed a Complaint and Demand for Jury Trial in the Superior Court of the State of Delaware in and for New Castle County, which was assigned Civil Action No. N12C-08-225 (JRS) (the "New Castle County Action").  Subsequently, on August 29, 2012, Plaintiff filed its First Amended Complaint.  Through its Amended Complaint, Plaintiff sought a declaratory judgment that a certain insurance policy, as defined in the Amended Complaint, covers and does not exclude certain losses allegedly suffered by Plaintiff. In addition, through its Amended Complaint, Plaintiff attempted to state an action for common law fraud and negligent misrepresentation against all named defendants.

6.  Thereafter, on September 4, 2012, Defendant Swiss Re International removed the New Castle County Action to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, C.A. No. 12-1097-LPS (the "Federal Court Action").  Following Swiss Re International's Removal, Plaintiff moved to remand the action to the Superior Court, the Insurers moved to dismiss certain of Plaintiff's claims, and the Insurers also moved for a stay pending arbitration.  The Federal Court Action is currently pending before the Honorable Leonard P. Stark, and the Court has not ruled on the pending motions.

## GROUNDS FOR REMOVAL

7.  Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action.  As explained below, there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  Thus, removal is proper pursuant to 28 U.S.C. § 1441. Removal is also proper under 28 U.S.C. § 1331 because a federal question exists.

## DIVERSITY OF CITIZENSHIP EXISTS

8.      Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state.  28 U.S.C. § 1332 (a)(1)-(2).

9.      There is complete diversity of citizenship between Plaintiff and all defendants:

(a)      Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ."  For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members.  *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that every circuit court to have considered the issue has held that the citizenship of an LLC is determined by the citizenship of its members, and joining in that holding).

(b)      Plaintiff is a Delaware limited liability company with a principal place of business in Texas.  Plaintiff has two members, Saudi Refining, Inc., a citizen of Delaware with its principal place of business in Texas, and Shell Oil Company, a citizen of Delaware with its principal place of business in Texas.  Plaintiff is, therefore, a citizen of both Delaware and Texas. *See* Ex. A ¶ 12.

(c)      The defendants are all alleged to be citizens of states other than Delaware and Texas.  *See* Ex. A ¶¶ 13-24.

(d)      Defendant Swiss Re International is an excess and surplus lines company that is domiciled in Luxembourg.

(e)      Defendant Liberty Mutual Insurance Company is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located in Boston, MA.  Ex. A ¶ 14.

(f)     Defendant Zurich American Insurance Company is a corporation organized under the laws of the State of Illinois with its principal place of business located in Schaumberg, IL.  Ex. A ¶ 15.

(g)     Chartis Property Casualty Company (formerly known as AIG Casualty Company) is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in New York, NY.  Ex. A ¶ 16.

(h)     ACE American Insurance Company is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Philadelphia, PA.  Ex. A ¶ 17.

(i)     Starr Technical Risks Agency, Inc. is a corporation organized under the laws of the State of New York with its principal place of business located in New York, NY.  Ex. A ¶ 18.

(j)     General Security Indemnity Company of Arizona is a corporation organized under the laws of the State of Arizona with its principal place of business located in New York, NY.  Ex. A ¶ 19.

(k)     Arch Insurance Company is a corporation organized under the laws of the State of Missouri with its principal place of business located in New Jersey.  Ex. A ¶ 20.

(l)     Lancashire Insurance Company Limited is a foreign insurer domiciled in Bermuda.  Ex. A ¶ 21.

(m)     Catlin Lloyd's Syndicate No. 2003 SJC is an unincorporated association with its principal place of business located in London, UK.  Ex. A ¶ 22.

(n)     QBE Marine and Energy Syndicate 1036 is an unincorporated association with its principal place of business located in London, UK.  Ex. A ¶ 23.

(o)     Upon information and belief, Navigators Management Company, Inc., f/k/a Navigators Special Risks, Inc., is a corporation organized under the laws of the State of New York with its principal place of business located in New York, NY.

10.     Accordingly, there is complete diversity of citizenship among the Plaintiff and all defendants.

11.     All defendants have consented to removal.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12.     The claim in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).  *See generally* Ex. A; Plaintiff's Amended Complaint (C.A. No. 12-1097-LPS).

### REMOVAL IS THEREFORE PROPER

13.     Removal to this District is proper because the Court of Chancery of the State of Delaware is within the District of Delaware.  28 U.S.C. §§ 1441(a), 1446(a).

14.     Pursuant to 28 U.S.C. § 1446(d), the Insurers shall give Plaintiff written notice of the filing of this Notice of Removal.

15.     Pursuant to 28 U.S.C. § 1446(d), the Insurers shall file the written notice of the filing of this Notice of Removal with the Court of Chancery of the State of Delaware, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

### REMOVAL IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1331

16.     Removal is appropriate because a federal question exists.  As indicated in Plaintiff's Verified Complaint, this action concerns an arbitration agreement that is not entirely between citizens of the United States.  *See* Ex. A. ¶¶ 12-24; Ex. A to the Verified Complaint.

17.     This Court therefore has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States.  Specifically, this civil action arises under 9 U.S.C. § 201 et seq., the New York Convention, and 9 U.S.C. § 301 et seq., the Panama Convention, because an arbitration agreement between citizens of foreign countries and citizens of the United States is implicated. *See, e.g. Flexi-Van Leasing, Inc. v. Through Transport Mut. Ins. Ass'n., Ltd.*, 108 Fed. Appx. 35 (3d Cir. 2004) (citing 9 U.S.C. § 201, 202); *Sandvik AB v. Advent Intern Corp.*, 83 F.Supp.2d 442 (D. Del. 1999) (citing 9 U.S.C. § 205); 9 U.S.C. § 301 et seq.

18.     Accordingly, and pursuant to 9 U.S.C. § 205, where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the New York Convention, the matter may be removed prior to trial.

WHEREFORE, the Insurers hereby give notice that the above entitled state court action, formerly pending in the Court of Chancery of the State of Delaware, has been removed to the United States District Court for the District of Delaware.

Dated:  November 13, 2012

**DLA PIPER LLP (US)**

*/s/ John L. Reed*
John L. Reed, Esq. (I.D. No. 3023)
Laura D. Hatcher, Esq. (I.D. No. 5098)
919 North Market Street, 15th Floor
Wilmington, DE  19801-3046
Phone: (302) 468-5700
Fax: (302) 394-2341
john.reed@dlapiper.com
laura.hatcher@dlapiper.com


*Attorneys for Defendant Swiss Re International S.E. f/k/a SR International Business Insurance Company PLC*

**MURPHY & LANDON**

*/s/ Francis J. Murphy*
Francis J. Murphy, Esq. (I.D. No. 223)
1011 Centre Road, Suite 210
Wilmington, DE  19805
Phone: (302) 472-8103
Fax: (302) 472-8135
fmurphy@msllaw.com


*Attorneys for Defendants Liberty Mutual Insurance Company, Zurich American Insurance Company, Chartis Property Casualty Company, Ace American Insurance Company, Starr Technical Risks Agency, Inc., General Security Indemnity Company of Arizona, Arch Insurance Company, Lancashire Insurance Company Limited, Catlin, Lloyd's Syndicate No. 2003 SJC, QBE Marine & Energy Syndicate 1036, and Navigators Management Company, Inc.*

EAST\53218050.1