# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTIVA ENTERPRISES LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1097 |
| SR INTERNATIONAL BUSINESS INSURANCE COMPANY PLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MOTIVA ENTERPRISES LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1460 |
| SWISS RE INTERNATIONAL S.E. f/k/a SR INTERNATIONAL BUSINESS INSURANCE COMPANY PLC, et al., | : | |
| Defendants. | : | |

Paul M. Lukoff, Thad J. Bracegirdle, WILKS, LUKOFF & BRACEGIRDLE, LLC, Wilmington, DE
Colm F. Connolly, MORGAN LEWIS & BOCKIUS LLP, Wilmington, DE

    Attorneys for Plaintiff.

John L. Reed, Laura D. Hatcher, DLA PIPER LLP, Wilmington, DE

    Attorneys for Defendant Swiss Re International S.E. f/k/a SR International Business Insurance Company PLC.

Francis J. Murphy, MURPHY & LANDON, Wilmington, DE

>Attorneys for Defendants Liberty Mutual Insurance Company, Zurich American Insurance Company, Chartis Property Casualty Company, Ace American Insurance Company, Starr Technical Risks Agency, Inc., General Security Indemnity Company of Arizona, Arch Insurance Company, Lancashire Insurance Company Limited, Catlin Lloyd's Syndicate No. 2003 SJC, QBE Marine & Energy Syndicate 1036, and Navigators Management Company, Inc. f/k/a Navigators Special Risks, Inc.

Brett A. Wallingford, Richard G. Urquhart, ZELLE HOFMANN VOELBEL & MASON LLP, Wilmington, DE

>Attorneys for Defendant Liberty Mutual Insurance Company.

Carl D. Neff, Jeffrey M. Schlerf, FOX ROTHSCHILD LLP, Wilmington, DE
Richard A. Horsch, Alfred J. Lechner, WHITE & CASE LLP, New York, NY

>Attorneys for Defendant Stellar Insurance, Ltd.

Corinne E. Amato, James W. Semple, MORRIS JAMES LLP, Wilmington, DE

>Attorneys for Defendant Cunningham Lindsey U.S. Inc.

---

### **MEMORANDUM OPINION**

July 12, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

Presently before the Court are Plaintiff Motiva Enterprises LLC's ("Motiva") Motions to Remand two related actions to the Delaware Court of Chancery and the Superior Court of the State of Delaware in and for New Castle County. (C.A. No. 12-1460 D.I. 16; C.A. No. 12-1097 D.I. 20) Four additional motions are also pending: (1) Defendants Swiss Re International S.E. ("Swiss Re"), Liberty Mutual Insurance Company, Zurich American Insurance Company, Chartis Property Casualty Company, Ace American Insurance Company, Starr Technical Risks Agency, Inc., General Security Indemnity Company of Arizona, Arch Insurance Company, Lancashire Insurance Company Limited, Catlin, Lloyd's Syndicate No. 2003 SJC, QBE Marine & Energy Syndicate 1036, and Navigators Management Company, Inc.'s (collectively, "Defendants" or "Insurers") Motion to Stay (C.A. No. 12-1097 D.I. 42), and Defendant Cunningham Lindsey U.S., Inc.'s ("Lindsey") Joinder in Insurers' Motion to Stay (C.A. No. 12-1097 D.I. 50); (2) Insurers' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (C.A. No. 12-1097 D.I. 24); (3) Lindsey's Motion to Dismiss Pursuant to Rule 12(b)(6) (C.A. No. 12-1097 D.I. 30); and (4) Defendant Stellar Insurance, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Lack of Service of Process (C.A. No. 12-1097 D.I. 53). For the reasons discussed below, the Court will grant Motiva's motions to remand and deny the other motions as moot.

**I. BACKGROUND**

The dispute among the parties arises from Motiva's insured property, which suffered physical damage due to cracking resulting from fires that occurred on or about June 9, 2012. (C.A. No. 12-1460 D.I. 17 at 3)

On August 22, 2012, Motiva filed suit against the Insurers in the Superior Court of the

1

State of Delaware in and for New Castle County, seeking a declaratory judgment that its insurance policy (the "Policy")[1] covers certain losses relating to Motiva's damaged property. Motiva also filed claims for common law fraud and negligent misrepresentation. On September 4, 2012, Defendant Swiss Re removed the Superior Court case to federal district court based on diversity and federal question jurisdiction. (C.A. No. 12-1097 D.I. 1)

On November 13, 2012, Motiva filed a related action in the Court of Chancery of the State of Delaware. The same day, the Insurers removed the Chancery Court action to federal district court. (C.A. No. 12-1460 D.I. 1)

The pending motions were filed between October and December 2012. The Court heard oral argument on March 20, 2013. (C.A. No. 12-1097 D.I. 82) (hereinafter "Tr.")

## II.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." The original jurisdiction of district courts includes "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

After a defendant removes a case to federal court, the plaintiff may file a motion to remand, and thereafter the district court must remand the case to state court if there is no federal jurisdiction or if there is a defect in the removal procedure. *See* 28 U.S.C. § 1447(c). "[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

---

[1] The Policy may be found at C.A. No. 12-1097 D.I. 1-1 Ex. A at 28-49 & D.I. 1-2 at 1-41.

## III. DISCUSSION

Motiva moves to remand both cases to the Delaware state courts based on what Motiva contends is the parties' express agreement to litigate disputes over coverage in the Delaware state courts and the Defendants' waiver of their right to remove. Because the Court agrees with Motiva, the Court will remand the cases.

The Policy contains three references to jurisdiction. First, Section 10 of the "Schedule," entitled "Law and Jurisdiction," states:

> In the event of a dispute between the Insured and Insurers this policy shall be subject to
>
> - the Law of Delaware
> - ***Jurisdiction of the State of Delaware, USA***.

(Policy at 7 (D.I. 1-1 Ex. A at 38) (emphasis added))

Next, Section 13 of the "General Conditions" is a "Disputes Clause," which provides:

> Any dispute concerning the interpretation of the terms, conditions, limitations and exclusions contained herein is understood and agreed by both the Insured and the Insurer(s) to be subject to the law stated in the Schedule.
>
> Any dispute shall be dealt with in the first instance by mediation.
>
> Each party agrees to submit, except where the dispute relates to the amount to be paid under this Policy only, to ***the exclusive jurisdiction of the courts stated in the Schedule*** and to comply with all requirements to give such jurisdiction. For disputes relating solely to the amount to be paid under this Policy such disputes shall be governed by terms of the arbitration clause.

(Policy at 26 (D.I. 1-2 Ex. A at 9) (emphasis added))

Finally, set off as essentially a subsection of Section 13 under a separate, subsidiary heading, "Service of Suit," is the following provision:

3

> It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured, will submit to the jurisdiction of a Court of competent jurisdiction within the State of Delaware, USA. ***Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights*** to commence an action in any Court of competent jurisdiction in the United States, ***to remove an action to a United States District Court***, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

(*Id.* (emphasis added))

"It is well established that a court interpreting any contractual provision . . . must give effect to all terms of the instrument, must read the instrument as a whole, and, if possible, reconcile all the provisions of the instrument." *Elliot Assocs., L.P. v. Avatex Corp.*, 715 A.2d 843, 854 (Del. 1998); *see also Wood v. Coastal States Gas Corp.*, 401 A.2d 932, 937 (Del. 1979) (stating that court must "reconcile all of [a contract's] provisions in order to determine the meaning intended to be given to any portion of it") (internal quotation marks omitted).

It is also well established that parties may contractually waive their right to remove. *See New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547 (3d Cir. 2011); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991). However, the Court applies a strict standard, as "there can be no waiver of a right to remove . . . in the absence of clear and unambiguous language requiring such a waiver." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 289 (3d Cir. 2010) (internal quotation marks omitted). Under Delaware law, a contract is ambiguous when it is fairly susceptible to two or more reasonable interpretations. *See Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).

4

In the Court's view, the Policy provisions at issue are not ambiguous as they are fairly susceptible to only one reasonable interpretation: that the Policy contains an express waiver of the parties' right to remove the disputes presented in Motiva's complaints.[2]

In *Ario*, the Third Circuit noted that language such as "exclusive jurisdiction" is "fundamentally incompatible with the preservation of the right to remove." 618 F.3d at 290. *Ario* discussed *Ensco Int'l Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448-49 (5th Cir. 2009), in which the Fifth Circuit concluded that a forum selection clause establishing "exclusive" venue "in the Courts of Dallas County, Texas" constituted a prima facie waiver of the right to remove. *See Ario*, 618 F.3d at 289-90. *Ensco* had held that permitting removal despite such a waiver provision would read the word "exclusive" out of the parties' agreement. *See Ensco*, 579 F.3d at 448-49. *Ario* concluded that the parties before it had expressly reserved a right to remove and had not, like the parties in *Ensco*, agreed to language such as "exclusive jurisdiction." *See Ario*, 618 F.3d at 290; *see also Hunstman Corp. v. Int'l Risk Ins. Co.*, 2008 WL 4453170, at *20-22 (S.D. Tex. Sept. 26, 2008) (holding that parties reserved right to remove where policy at issue did not contain forum selection clause).

Here, the Policy is similar to that involved in *Ensco* and distinct from that at issue in *Ario*. As in *Ensco*, the Policy here contains an "exclusive jurisdiction" provision. Specifically, in Section 13, "[e]ach party agrees to submit, except where the dispute relates to the amount to be paid under this Policy only, to ***the exclusive jurisdiction of the courts stated in the Schedule***."

---

[2]Defendants concede that if the Court concludes that their interpretation of the Policy is unreasonable, then the Policy is not ambiguous. (Tr. at 32)

5

(Policy at 26 (D.I. 1-2 Ex. A at 9) (emphasis added))[3] The Schedule, in turn, identifies only the following courts: "***Jurisdiction of the State of Delaware, USA.***" (Policy at 7 (D.I. 1-1 Ex. A at 38) (emphasis added)) In the Court's view, this Schedule provision may only reasonably be read to refer to the Delaware state courts, including Superior Court and Chancery Court.

Defendants propose that "exclusive jurisdiction" in Section 13 of the Policy means, more broadly, "neutral turf in the state of Delaware, not the Delaware state courts." (Tr. at 31) Defendants' interpretation of the interplay between Section 13 and the Schedule would include federal district court for the District of Delaware. (*Id.*) This is not a reasonable interpretation of the Policy. *See, e.g., New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 548-49 (3d Cir. 2011) (rejecting argument that "exclusive jurisdiction . . . in the appropriate courts of the State of New Jersey" includes both state and federal courts, and remanding to state court); *Ashall Homes Ltd. v. ROK Entm't Grp. Inc.*, 992 A.2d 1239, 1246-47 (Del. Ch. 2010) (stating "[i]t is hard to imagine a clearer indication that the English courts are to have exclusive jurisdiction" than provision reading "exclusive jurisdiction of the English courts").

Contrary to Defendants' contention, the Policy does not contain an express reservation of the right to remove that reaches as far as Defendants require. Defendants argue that Section 13's "Service of Suit" provision constitutes an express reservation of their removal right, which Motiva's interpretation of the Policy would improperly eliminate. As already noted, that provision states, in pertinent part:

---

[3] As all parties agree, the Court cannot write out of the Policy its "exclusive jurisdiction" provision. (Tr. at 17, 33) To the contrary, there is a "strong presumption in favor of enforcement of freely negotiated contractual choice-of-forum provisions." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

6

> ***Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights . . . to remove an action to a United States District Court . . . .***

(Policy at 26 (D.I. 1-2 Ex. A at 9) (emphasis added)) On Defendants' reading, "Nothing in this Clause" means that nothing in any part of Section 13 inhibits the right to remove an action to federal court. (Tr. at 30)

The Court does not agree. Instead, "this Clause" in the "Nothing in this Clause" sentence refers only to the "Service of Suit" subsection. Nothing about the "Service of Suit" subsection inhibits the right of removal. But the preceding portion of Section 13, including especially the "exclusive jurisdiction" portion of the "Disputes Clause," does restrict the parties' removal rights. Indeed, the "exclusive jurisdiction" provision is an express waiver of the parties' removal rights with respect to the types of disputes raised in Motiva's complaints.

To adopt Defendants' interpretation of the "Nothing in this Clause" provision would contradict the "exclusive jurisdiction" language of Section 13. It would also render the Policy's repeated use of "only" and "solely," in reference to arbitrable disputes, meaningless. That is, Defendants' interpretation – providing an absolute right to remove – would negate the Policy's express reservation of arbitration as the medium for disputes solely relating to quantum. Specifically, the Policy provides: (i) "either party may refer the Dispute to arbitration, in respect of quantum only" (Policy at 21 (D.I. 1-2 Ex. A at 4)); (ii) "[f]or disputes relating solely to the amount to be paid . . . such disputes shall be governed by terms of the arbitration clause" (*id.* at 9); and (iii) "[e]ach party agrees to submit, except where the dispute relates to the amount to be paid under this Policy only, to the exclusive jurisdiction of the courts stated in the Schedule" (*id.*). Recognizing the "absolutely unconditional" (Tr. at 34) right to remove that Defendants

7

perceive in the Policy would eviscerate these provisions.

In contrast to Defendants' interpretation, Motiva's interpretation of the Policy is reasonable and, importantly, gives effect to all of its provisions. As Motiva explains, the Policy delineates three types of claims and three corresponding paths for resolution. (C.A. No. 12-1460 D.I. 17 at 9) The three types of claims are: (1) disputes over an amount to be paid; (2) disputes over a failure to pay; and (3) any other disputes concerning the Policy, including coverage. The first category of disputes is the subject of the "Arbitration" section of the Policy, which channels such disputes first to mediation and, if unresolved, "shall then be referred to arbitration . . . [in] London, England." (Policy at 22 (D.I. 1-2 Ex. A at 5)) The second category is the subject of Section 13's "Disputes Clause" and specifically its subsection on "Service of Suit." This provision provides that "in the event of the failure of the Underwriters hereon to pay," the dispute may be brought to "a court of competent jurisdiction within the State of Delaware;" with respect to this category of disputes, the parties reserve their right to remove. (*Id*. at 9) Hence, the Policy's express right to remove is limited to disputes over a failure to pay. The third category deals with all other disputes concerning the Policy, including – as here – disputes over coverage. The handling of this third category of disputes is addressed in Section 13's "Disputes Clause;" this category of disputes is subject to "the exclusive jurisdiction of the courts stated in the Schedule," i.e., the Delaware state courts. (*Id*.)

Only Motiva has put forth a reasonable interpretation of the Policy. Thus, the Policy is not ambiguous. In the Policy, the parties agreed to the exclusive jurisdiction of the Delaware state courts and waived their right to remove to federal court disputes over coverage.

8

Accordingly, the Court is required to remand Motiva's complaints to the Delaware state courts.[4]

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Motiva's Motions to Remand (C.A. No. 12-1460 D.I. 16; C.A. No. 12-1097 D.I. 20). All of the other pending motions will be denied as moot. An appropriate Order follows.

---

[4]As the Court has concluded that the parties contractually waived their right to remove, and the actions must be remanded to state court, there is no need to determine whether the Court would have diversity and/or federal question jurisdiction over these actions.